# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

YUNUS ALPTEKIN,

Petitioner,

v.

JEREMY CASEY, Warden, Imperial Regional Detention Facility; DANIELA BRIGHTMAN, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TOD M. LYONS, Acting Director of Immigration and Customs Enforcement ("ICE"); KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAM BONDI, Attorney General of the United States, in their official capacities,

Respondents.

Case No.:  26cv0714 DMS SBC

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition, and Petitioner filed Traverse. After considering the parties' briefs, the relevant legal authority and the record, the Court grants the Petition.

1

26cv0714 DMS SBC

Petitioner Yunus Alptekin is a citizen of Turkey who entered the United States on February 26, 2022. (Pet. at 3.) At that time, Petitioner presented himself for inspection to border patrol officials and requested asylum. (*Id.*) Petitioner was detained and spent 22 days in custody before being released on his own recognizance. (*Id.*) Petitioner was issued a Notice to Appear and placed in removal proceedings, where Petitioner has filed an application for asylum, which appears to be pending. (*Id.* at 3-4.)

At around 6:50 a.m. on January 15, 2026, Petitioner was parked at a Flying J Travel Center in Fontana, California. (*Id.* at 4.) Petitioner was sitting in his truck talking to his family on his cell phone when border patrol agents appeared and blocked his vehicle. (*Id.*) The agents motioned for Petitioner to get out of the vehicle, which he did. (*Id.*) The agents surrounded him, took his picture, handcuffed him, placed him in an unmarked vehicle, and drove him to the Imperial Regional Detention Facility in Calexico, California, where he is currently detained. (*Id.*)

On February 5, 2026, Petitioner filed the present case seeking release from custody, among other things. Petitioner raises two claims.[1] First, he argues Respondents' invocation of 8 U.S.C. § 1225 to support his detention violates the Immigration and Nationality Act ("INA") and the Administrative Procedure Act ("APA"). Second, Petitioner asserts his detention without a bond hearing violates the Fifth Amendment's Due Process Clause. Respondents acknowledge the decisions of this Court support Petitioner's argument on the § 1225/1226 issue, but stand by their argument that Petitioner is properly detained under § 1225.

This Court has addressed the § 1225/1226 issue in several previous decisions, and found noncitizens like Petitioner here are appropriately detained under § 1226(a) as opposed to § 1225(b)(2)(A). *See, e.g., Garcia v. Noem*, 803 F.Supp.3d 1064, 1075-77 (S.D. Cal. 2025) (finding petitioners had shown a likelihood of success on claim they were

---

[1] Petitioner sets out three claims in his Petition, but claims one and three appear, at a minimum, to overlap, or to be duplicative.

detained under § 1226(a) as opposed to § 1225(b)(2)(A)).  In a recent decision, the Seventh Circuit also came to the same conclusion.  *Castañon-Nava v. U.S. Dep't of Homeland Security*, 161 F.4th 1048, 1061 (7th Cir. 2025) (concluding on a preliminary record "that Defendants are not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A).")   Several district courts across the country have now followed the reasoning of *Castañon-Nava*, and also come to the same conclusion.  *See, e.g., Mejia Diaz v. Noem*, No. 3:25-CV-960-CCB-SJF, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (citing *Castañon-Nava* to support conclusion that § 1225(b)(2) does not apply to noncitizens who are apprehended in the interior of the United States years after their unlawful entry); *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176 (W.D. Okla. Dec. 16, 2025 (same); *Goorakani v. Lyons*, ___ F.Supp.3d ___, Nos. 25 Civ. 9456 (DEH), 25 Civ. 9551 (DEH), 25 Civ. 9592 (DEH), 25 Civ. 9952 (DEH), 2025 WL 3632896, at *8-12 (S.D.N.Y. Dec. 15, 2025) (concluding, based in part on *Castañon-Nava*, that "[m]andatory detention under Section 1225(b) applies only to those applicants for admission who are seeking admission—i.e., 'arriving aliens,' or those who are entering (or attempting to enter) the country, and not to those who are already present or reside here."); *Simon v. Olson*, ___ F.Supp.3d ___, No. 25 C 14799, 2025 WL 3567469, at *4-5 (N.D. Ill. Dec. 13, 2025) (concluding § 1226(a) applied to noncitizen who (1) had been present in the United States for 23 years, (2) had five U.S. citizen children, (3) had no criminal record, and (4) was detained in the Midwest); *Acosta de Perez v. Frank*, No. H-25-5357, 2025 WL 3626347, at *2-5 (S.D. Tex. Dec. 12, 2025) (citing *Castañon-Nava* in concluding petitioner's detention was governed by § 1226(a) rather than § 1225(b)).  *But see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding § 1225 applies to noncitizens regardless of "where or how the alien entered the United States.")

Based on this Court's reasoning in *Garcia*, and the reasoning of *Castañon-Nava*, the Court concludes Petitioner's detention in this case is likewise governed by § 1226(a) as opposed to § 1225(b)(2)(A).  Accordingly, the Petition is granted.  Respondents are

directed to arrange an individualized bond hearing for Petitioner before the Immigration Court within **seven (7) days** of the entry of this Order.  Respondents shall not deny Petitioner bond on the basis that § 1225(b)(2) requires mandatory detention. Further, the parties are **ORDERED** to file a Joint Status Report within **fourteen (14) days** of this Order's entry, confirming Petitioner has received a bond hearing and the outcome of that hearing.

  **IT IS SO ORDERED**.

Dated:  March 5, 2026

          _____

          Hon. Dana M. Sabraw
          United States District Judge

26cv0714 DMS SBC